UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS TERRY,

    Plaintiff,

                                        No. 17-cv-00671

v

                                        HON. ROBERT J. JONKER

MICHIGAN DEPARTMENT
OF CORRECTIONS,

    Defendant.

---

| | |
|---|---|
| Ronnie E. Cromer, Jr. (P59418) | Sarah Robbins (P81944) |
| The Cromer Law Group, PLLC | Attorney for Defendant |
| Attorney for Plaintiff | Michigan Department of Attorney General |
| 24901 Northwestern Hwy., Suite 612 | State Operations Division |
| Southfield, MI 48075 | P.O. Box 30754 |
| 248-809-6790 | Lansing, MI  48909 |
| rcromerjr@thecromerlawgroup.com | (517) 373-1162 |
| | Robbinss@michigan.gov |

---

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER
UNDER FED. R. CIV. P. 26(c)(1)**

                                                        Bill Schuette
                                                        Attorney General

                                                        Sarah Robbins (P81944)
                                                        Assistant Attorney General
                                                        State Operations Division
                                                        P.O. Box 30754
                                                         Lansing, Michigan 48909
Dated:  June 5, 2018                        (517) 373-1162

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court enter a protective order protecting the material disclosed by the Defendant, Michigan Department of Corrections, during this case?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. Pro. 26.

## STATEMENT OF FACTS

Plaintiff, Travis Terry, a former Michigan Department of Corrections employee brings a two-count Title VII case against the Defendant, the Michigan Department of Corrections ("MDOC"). Plaintiff alleges MDOC violated Title VII and retaliated against him in violation of Title VII. Pursuant to the governing case management order the parties are engaging in discovery. Initial Disclosures were made and written discovery requests are presently pending.

This case involves the discharge of the Plaintiff from his employment as a Corrections Officer with MDOC. The incident, which was the focus of the disciplinary investigation that resulted in the Plaintiff's discharge, occurred within a correctional facility, a prison, run by MDOC. Plaintiff's discovery requests, appropriately asks for a variety of information and documents that address matters related to the safety and security of the correctional facility. Accordingly, information that is relevant and should be produced in discovery by MDOC will reveal information about the security and safety measures of a MDOC correctional facility. Therefore, as MDOC continues to have daily responsibility of the security for numerous correctional facilities and thousands of prisoners, a protective order to restrict the use and dissemination of the discovery material produced by MDOC in this litigation is necessary.

## ARGUMENT

Under the Federal Rules of Civil Procedure, specifically under Rule 26(c)(1), this Court is given broad discretion to place limits on discovery in cases before them. Rule 26(c) of the Federal Rules of Civil Procedure permits a district court to issue a protective order upon a showing of "good cause" in order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

Here, MDOC is asking that this Court limit the dissemination of the discovery produced by MDOC in order to protect the on-going duty MDOC has to ensure the security and safety of its correctional facilities, the prisoners, the general public, and its employees. Courts have consistently recognized that the "essence" of MDOC's business is "the security of the prison, the safety of inmates." *Everson v. Mich. Dep't of Corr.*, 391 F.3d 737, 753 (6th Cir. 2004). Courts traditionally give deference to the judgment of MDOC regarding matters of prison security. See *Id.* at 754. MDOC's request for a protective order governing the dissemination is a reasonable request as the material requested by Plaintiff discusses, reveals, or addresses specific security measures within MDOC's prisons, and such information is not usually provided to the general public. The requested protective order will not inhibit the Plaintiff's ability to acquire necessary discovery material. However, the order is necessary to protect the safety and security concerns of MDOC. Thus, for the good cause of protecting the security measures in place and preventing

undue burdens on future security efforts in MDOC's prisons, this Court should grant the proposed protective order.

Finally, the terms of the proposed protective order are reasonable and straightforward. It applies to material that has or will be produced by MDOC. Taken either separately or collectively the discovery material produced by MDOC reveals information about the safety and security measures within a prison. Dissemination of such material outside the context of this litigation may hinder the on-going ability of MDOC to provide security and safety at its prisons. Accordingly, the materials should be used only for litigation purposes and they should only be viewed by authorized individuals. They should not be disclosed to others, and care should be taken to not make the materials part of any public record on the Court's docket. Importantly, the protective order allows modification in the future upon a showing of good cause.

Under the circumstances, the protective order is appropriate and its provisions are typical for a case such as this one.

## CONCLUSION AND RELIEF REQUESTED

Defendant MDOC respectfully request that this Court enter the proposed protective order, and grant any other relief that Court deems appropriate.

Respectfully submitted:

Bill Schuette
Attorney General

*s/Sarah R. Robbins*
Sarah Robbins (P81944)
Assistant Attorney General
State Operations Division
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-1162

Dated: June 5, 2018
AG# 2017-0200648-A